UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALERIE MARGARET MARINO, individually and on the behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br>OCWEN LOAN SERVICING LLC,<br><br>Defendant. | Case No. 3:16-cv-00526-MMD-WGC<br><br>ORDER |

## I. INTRODUCTION

This case concerns a loan servicer's alleged violations of the Telephone Consumer Privacy Act ("TCPA"). Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim ("Motion"). (ECF No. 19.) The Court has reviewed Plaintiff's response (ECF No. 27), as well as Defendant's reply (ECF No. 31).

For the reasons discussed below, Defendant's Motion is denied.

## II. BACKGROUND

Plaintiff Valerie Margaret Marino filed her class action Complaint on September 8, 2016 against Defendant Ocwen Loan Servicing LLC. (ECF No. 1.) The following facts are taken from the Complaint.

Plaintiff filed Chapter 7 bankruptcy on March 15, 2013 in the bankruptcy court for the District of Nevada. Her debt, including a home loan serviced by Defendant, was

discharged on June 18, 2013. (*Id.* at 2.) Plaintiff generally alleges that Defendant violated the TCPA by making calls to her cellular telephone number ("cell phone") using an automatic telephone dialing system ("autodialer") and did so without her consent by making these calls after the bankruptcy court issued its order discharging her mortgage debt ("discharge order"). She brings this action on behalf of other individuals who have also had home loans serviced by Defendant discharged through bankruptcy proceedings only to have Defendant subsequently call these individuals without their prior express consent. (*Id.* at 4-5.) Plaintiff states that she and the class members were damaged by Defendant's TCPA violations because "their privacy was improperly and illegally invaded," and because these calls were annoying and interrupting, and required them to take time and effort to receive the calls or retrieve them from voicemail, which also made their cell phones unavailable during the time these calls occurred. (*Id.* at 3.)

Plaintiff, on behalf of herself and class members, requests both injunctive relief and statutory damages, as well as treble damages under 47 U.S.C. § 227(b)(3). (ECF No. 1 at 7.)

## IV. DISCUSSION

Defendant seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that this Court lacks subject matter jurisdiction because Plaintiff fails to meet the requirements of constitutional standing and that Plaintiff's claims are barred by the doctrine of res judicata. The Court disagrees as to both arguments.

### A. Standing

A motion to dismiss under Rule 12(b)(1) challenges the district court's subject matter jurisdiction. A district court lacks subject matter jurisdiction where the plaintiff fails to meet the requirements of Article III standing. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010).

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" *Massachusetts v. EPA,* 549 U.S. 497, 516 (2007). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). The party invoking federal jurisdiction bears the burden of establishing these elements. *FW/PBS v. City of Dallas,* 493 U.S. 215, 231 (1990). On a motion to dismiss under Rule 12(b)(1), "general factual allegations of injury resulting from the defendant's conduct may suffice," as the court presumes that general allegations in the complaint "embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (internal quotation marks and citation omitted).

Defendant argues that the Complaint "makes clear" Plaintiff's alleged injuries were not caused by Defendant's conduct because her alleged injuries would have occurred had Defendant dialed her manually as opposed to with an autodialer. (ECF No. 19 at 8-11.) Plaintiff alleges that after her loan was discharged in bankruptcy, Defendant continued to call her without her prior express consent through the use of an autodialer. (ECF No. 1 at 2-3.) She contends that she and other class members were injured because these calls invaded their privacy and caused a loss of use of their cell phones, the loss of time it took to receive these calls or retrieve voicemails from Defendant, as well as the inability to use their cell phones during the time these calls were made. (*Id.* at 3.)

Under section 227(b)(1)(A)(iii) of the TCPA, it is unlawful for any person to make any call to a cell phone number by way of an automatic telephone dialing system without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a prohibition against the use of an autodialer without the consent of called parties specifically out of a concern for people's privacy and the fact that such systems randomly tie up phone lines and prevent outgoing calls. *See* S. REP. No. 102-178, at 1-2 (1991). Thus, where, as here, a plaintiff alleges that her privacy was invaded and her cell phone tied up by an unconsented to and autodialed call, the injury is clearly a direct result of the

call under the meaning and purpose of the TCPA.

Moreover, the Supreme Court has stated that in order for a plaintiff's injury to be fairly traceable to a defendant's conduct, the injury must not be the result of the independent action of some third party that is not before the court, *see Lujan*, 504 U.S. at 560-61 (internal citation omitted); yet Defendant does not allege that the alleged invasion of privacy and interruption in cell phone usage that Plaintiff suffered was the result of a third party's actions.

Overall, Defendant's argument that the injuries alleged by Plaintiff would have still occurred had Defendant manually dialed her cell phone is unpersuasive. (ECF No. 19 at 9-10.) Beyond this argument being inconsistent with the language and purpose of the statute, this reasoning would also render the TCPA's prohibition on the use of autodialers in certain contexts meaningless because anytime a complaint alleged an invasion of privacy or interruption in the use of a cell phone resulting from an unconsented to and autodialed call, the claims would be dismissed given that the call could have been made manually. Thus, the Court finds that the Complaint's allegation of an invasion of privacy and interruption in the use of Plaintiff's cell phone was fairly traceable to the alleged unconsented to and autodialed calls of Defendant.

**B.  Res Judicata**

A district court should dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) if the claims asserted are barred by the doctrine of res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). Res judicata is triggered when an earlier suit "(1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002) (internal quotation marks and citation omitted). To determine whether the later lawsuit involves the same claim as the earlier suit (the first element of claim preclusion), the court looks at four factors: "(1) whether rights or interest established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two

actions; (3) whether the two suits involve the infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Chao v. A-One Med. Servs. Inc.*, 346 F.3d 908, 921 (9th Cir. 2003) (internal citation omitted).

Defendant contends that all three elements of claim preclusion are met and focuses its argument primarily on the first element. (*See* ECF No. 19 at 11-16.) In particular, Defendant argues that the claims in this case arise from the same calls Defendant made to Plaintiff after the discharge (and for which Defendant was held liable in the post-discharge contempt order), the claims could have been conveniently tried together, Defendant's interest in the finality of the bankruptcy court's order would be destroyed or impaired by this action, Plaintiff seeks to recover for the same infringement of rights, and the two actions involve substantially the same evidence because in this action Plaintiff will have to provide information about the number of autodialed calls she received as well as the facts and circumstances of those calls. (*See id.* at 12-15.)

However, this action does not involve the same claims as those from the bankruptcy proceeding because this case requires additional evidence that was not required or presented in the bankruptcy court. Specifically, in the bankruptcy proceeding, Ms. Marino testified that she suffered emotional distress because Defendant sent her letters and called her cell phone trying to collect on the home loan knowing that she was no longer liable for the debt (*see* ECF No. 22-3 at 146-164),[1] but she did not present evidence nor did she have to prove that the calls were made with an autodialer and that she was charged for those calls, both of which is required under the relevant provision of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). *See Harkins Amusement Enter., Inc. v. Harry Nace Co.*, 890 F.2d 181, 183 (9th Cir. 1989) (finding that res judicata did not apply where at least 10 percent of the facts alleged in the second suit differed from the facts in the first suit and where the second suit also concerned conduct that occurred during a different time period).

---

[1] The Court takes judicial notice of the transcripts of the evidentiary hearing before the bankruptcy court (ECF No. 22-3).

For these reasons, the Court finds that res judicata does not apply to bar Plaintiff's claims.[2]

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (ECF No. 19) is denied.

DATED THIS 25th day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]To the extent Defendant is concerned that Plaintiff may receive a double recovery for the same injuries (*see* ECF No. 19 at 6), such concern may be redressed by offsetting any recovery obtained in this action if the prior award compensated Plaintiff for any part of the pre-existing TCPA violations. *See Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 756 (9th Cir. 2015) (finding that the plaintiff could recover under the RICO statute's treble damages provision to redress the totality of the plaintiff's injuries even where a previous arbitration award redressed a portion of the injuries arising from the plaintiff's pre-existing RICO claim).